UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 14 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SECURITIES AND EXCHANGE COMMISSION,
100 F Street, N.E.
Washington, D.C. 20549
                    Plaintiff,

v.

JOHN SAMSON, JOHN G.A. MUNRO,
IAN N. CAMPBELL, AND
JOHN H. WHELAN

                    Defendants.

CASE NUMBER   1:06CV01217

JUDGE: John D. Bates

DECK TYPE: General Civil

DATE STAMP: 07/05/2006

## FINAL JUDGMENT AS TO DEFENDANT JOHN SAMSON

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant John Samson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or

indirectly, Section 30A of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78dd-1] by making use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to:

(1) any foreign official for purposes of:

    a. (i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

    b. inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist any issuer which has a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78] or which is required to file reports under Exchange Act Section 15(d) [15 U.S.C. § 78dd)], in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purposes of:

    a. (i) influencing any act or decision of such party, official, or candidate in its or in his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of

2

such party, official, or candidate, or (iii) securing any improper advantage; or

b. inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist any issuer which has a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78] or which is required to file reports under Exchange Act Section 15(d) [15 U.S.C. § 78dd)], in obtaining or retaining business for or with, or directing business to, any person; or

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office for purposes of:

a. (i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage; or

b. inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or

3

instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist any issuer which has a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78] or which is required to file reports under Exchange Act Section 15(d) [15 U.S.C. § 78dd)], in obtaining or retaining business for or with, or directing business to, any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Sections 13(b)(5) of the Exchange Act and Rule 13b2-1 thereunder [15 U.S.C. §§ 78dd-1 and 78m(b)(5) and 17 C.F.R. § 240.13b2-1] by:

    (1)      knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act; or

    (2)      directly or indirectly falsifying or causing to be falsified, any book, record or account subject to section 13(b)(2)(A) of the Exchange Act.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78] or which is required to file reports under Exchange Act Section 15(d) [15 U.S.C. § 78dd)]: that

(1) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(2) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

   a. transactions are executed in accordance with management's general or specific authorization;

   b. transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

   c. access to assets is permitted only in accordance with management's general or specific authorization; and

   d. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $50,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $14,675.72, for a total of $64,675.72. Defendant shall satisfy this obligation by paying $64,675.72 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying John Samson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to Michelle Giard Draeger, Senior Counsel, Securities and Exchange Commission, Boston District Office, 33 Arch Street, Boston, MA 02110. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000.00 pursuant to Sections 21(d)(3) and 32(c) of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78ff(c)]. Defendant shall pay this

civil penalty in two installments: (1) $25,000.00, plus post judgment interest pursuant to 28 U.S.C. § 1961, within six (6) months after entry of this Final Judgment; and (2) $25,000.00, plus post judgment interest pursuant to 28 U.S.C. § 1961, within (12) months after entry of this Final Judgment. Defendant shall make these payments by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying John Samson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to Michelle Giard Draeger, Senior Counsel, Securities and Exchange Commission, Boston District Office, 33 Arch Street, Boston, MA 02110. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 14, 2006

_____
UNITED STATES DISTRICT JUDGE